T.C. Summary Opinion 2016-83

UNITED STATES TAX COURT

CURTIS LEE OWENS AND MELEIH ANN OWENS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8360-15S.                    Filed December 13, 2016.

Curtis Lee Owens and Meleih Ann Owens, pro sese.

Vivian Bodey and Peter Tran (student), for respondent.

SUMMARY OPINION

COHEN, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant

to section 7463(b), the decision to be entered is not reviewable by any other court,

and this opinion shall not be treated as precedent for any other case.  Respondent

determined a $15,255 deficiency in petitioners' Federal income tax for 2010.  The

issue for decision is whether Curtis Lee Owens (petitioner), a civilian employee of the Red River Army Depot, is entitled to exclude under section 911 income earned while deployed in Kuwait during 2010.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue.

Background

The material facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference.  Petitioners maintained a permanent residence in Texas in 2010, and they resided in Texas when they filed their petition.

Before and during 2010, petitioner was employed by Red River Army Depot (RRAD) as a heavy mobile equipment mechanic leader or supervisor.  RRAD is in Texas and is part of the Army Tank-Automotive and Armaments Command, which is an agency of the U.S. Department of the Army (Army).  Petitioner is a U.S. citizen.  He was not a member of the military in 2010.

During 2010, petitioner spent approximately 335 days in Kuwait performing services for the U.S. Department of Defense.  He worked as a mechanic ensuring that military trucks were up to code.

While in Kuwait, petitioner resided in "government quarters" provided by his employer.  The Army provided the equipment and workspace for petitioner to

use in performing his work in Kuwait and controlled the manner and means by which he performed his work.

Petitioner's compensation was paid and reported by the Defense Finance and Accounting Service, which is an agency of the Department of Defense providing payment and accounting services for military and civilian employees. Petitioner was paid under the Federal Wage System and participated in the Federal Employees Retirement System. Social Security contributions and income tax were withheld from his wages.

On their Federal income tax return for 2010, petitioners claimed a $91,500 foreign earned income exclusion under section 911. In doing so, they relied on the erroneous advice of their tax return preparer, Sam Grubbs. In the notice of deficiency on which this case is based, respondent disallowed the exclusion and made resulting computational adjustments.

## Discussion

Section 911(a) provides for an election by which a "qualified individual" citizen of the United States living abroad may exclude from taxable income a portion of the foreign earned income of the individual. However, section 911(b)(1)(B)(ii) specifically excludes from "foreign earned income" amounts "paid by the United States or an agency thereof to an employee of the United

States or an agency thereof". Although petitioner's time in Kuwait was sufficient for exclusion of a portion of his earnings under section 911, the circumstances of his employment preclude his qualification for the exclusion.

The stipulated facts and petitioner's testimony leave no doubt that petitioner was an employee of an agency of the United States during 2010. At the time of trial, petitioner acknowledged the error in claiming the exclusion but explained that he was advised by his tax return preparer that because he was a civilian employee he qualified for the exclusion. That advice is inexplicable in view of the express wording of the statute. In any event, because no penalty was determined in the notice of deficiency the clearly erroneous advice is not material to our determination.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.